**Mohammad Habibur RAHMAN,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 00–70941.

INS No. A72 522 995.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2001 *.

Decided June 28, 2001.

Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.

MEMORANDUM **

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Mohammad Habibur Rahman, a native and citizen of Bangladesh, entered the United States without inspection. He was charged with illegal entry and ordered deported pursuant to 8 U.S.C. § 1251(a)(1)(B). He petitions for review of the BIA's refusal to grant him asylum or withholding of deportation. We have jurisdiction pursuant to former 8 U.S.C. § 1105a,*** and we deny the petition for review.

## DISCUSSION

■■■ To establish eligibility for asylum, Rahman "must show that he is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of . . . political opinion." *See Zahedi v. INS*, 222 F.3d 1157, 1162 (9th Cir.2000) (internal quotations omitted). He may do so by presenting "credible, direct, and specific evidence [demonstrating] an objectively reasonable basis for the claimed fear of persecution." *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999). Both the IJ and the BIA found that Rahman's testimony was not credible because it was replete with inconsistencies when compared to his written application for asylum. Most notably, both found the record to be contradictory and inconsistent regarding the number of assaults, the dates of the assaults, the identity of the assailants, the nature of the injuries, and the duration of his Rahman's hospitalization.

Our task is to determine whether the adverse credibility finding is supported by "specific and cogent reasons" that are "substantial and . . . bear a legitimate nexus to the finding." *See Zahedi*, 222 F.3d at 1166. We have held that minor inconsistencies in the record are insufficient to support an adverse credibility finding. *See id.* at 1167. In this case, the inconsistencies and discrepancies in the record are not minor, but rather "go to the heart of [Rahman's] asylum application" by casting doubt on whether the events giving rise to the alleged persecution actually occurred. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000). Morever, both the BIA and the IJ gave cogent and specific reasons for questioning Rahman's credibility. Accordingly, we conclude that the record provides substantial evidence to support the adverse credibility determination. Because Rahman failed to establish his eligibility for asylum, he also fails to meet the higher burden required to demonstrate eligibility for withholding of deportation. *See Fisher v. INS*, 79 F.3d 955, 965 (9th Cir.1996) (en banc). Finally, we cannot consider Rahman's argument for relief under Article 3 of the United Nations Convention Against Torture because he failed to raise it before the BIA. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1031 n. 9 (9th Cir.2000); *Khourassany v. INS*, 208 F.3d 1096, 1099 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

*** The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) govern judicial review of Rahman's petition because deportation proceedings were pending against him prior to IIRIRA's effective date. *See Alfaro–Reyes v.* INS, 224 F.3d 916, 920 (9th Cir.2000) (citing IIRIRA § 309(c)). Those rules provide, with exceptions not applicable here, that review shall proceed under former 8 U.S.C. § 1105a. *See Zahedi v. INS*, 222 F.3d 1157, 1160 (9th Cir.2000).